UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SANTAIGO STRICKLAND,
   Plaintiff,

vs.                                      No.09-1229

THE HOUSE OF REPRESENTATIVES,
   Defendants.

## CASE MANAGEMENT AND MERIT REVIEW ORDER

     This cause is before the court for case management and merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

     The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against the "House of Representatives Federal/State." (Comp., p. 1). The plaintiff is apparently Muslim and says:

> Muslim has a different judicial system that is governed by law of Shariah, that has a different functioning system that of the United States of America. The Judicial System of the United States of America as well as Illinois is in violation of the Constitution 1st Amendment freedom to practice religion. (Comp., p. 5).

     The plaintiff has failed to state a claim upon which relief can be granted. The plaintiff may not bring a §1983 lawsuit against the either the federal or state House of Representatives. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989); *F.D.I.C. v Meyer,* 510 U.S. 471, 477-78 (1994); *Monell v Department of Social Services of City of New York,* 436 U.S. 658 91978). In addition, the plaintiff's claim that his First Amendment rights have somehow been violated is frivolous. *Wisconsin v. Yoder*, 406 U.S. 205 (1972).

**IT IS THEREFORE ORDERED:**

     1)     **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending**

        motions are denied as moot [d/e 3], and this case is closed, with the parties to bear their own costs;

2)     This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;

3)     The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)     The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)     The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)     If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 17th day of August, 2009.

                                        s\Harold A. Baker
                                    HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE